# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHEEMA TRANS LLC, <br><br>                    Plaintiff, <br>v. <br><br>PACCAR, INC. d/b/a PETERBILT MOTORS COMPANY and JX ENTERPRISES, INC. d/b/a JX PETERBILT – WAUKESHA, <br><br>                    Defendants. | Case No. 22-CV-1503-JPS <br><br><br>**ORDER** |

    This case comes before the Court on Plaintiff Cheema Trans LLC's ("Cheema") hotly contested motion to remand. ECF No. 11. The motion was fully briefed as of March 8, 2023. ECF Nos. 12, 14, 15. Thereafter, on March 22, 2023, Defendants PACCAR, Inc. d/b/a Peterbilt Motors Company ("PACCAR") and JX Enterprises, Inc. d/b/a JX Peterbilt – Waukesha ("JX" and together with PACCAR, "Defendants") filed a motion for leave to file a sur-reply, attaching the proposed sur-reply thereto. ECF Nos. 17, 18, 19. In the alternative, Defendants request that the newly raised arguments in Cheema's reply brief be struck. *Id.*

    For the reasons set forth herein, the Court grants Defendants' motion for leave to file a sur-reply and denies Defendants' motion to strike as moot. Having considered the fully briefed motion to remand and sur-reply, for the reasons set forth herein, the Court will deny the motion to remand, and will dismiss JX without prejudice from this action.

## 1. RELEVANT FACTS

In accordance with the Court's protocols, ECF No. 8, the parties met and conferred and submitted a set of stipulated facts. ECF Nos. 12, 13. Those stipulated facts are set forth herein, with minor, non-substantive edits.

Cheema was at the time this action was commenced, and still is, a limited liability company organized in the State of Wisconsin, with a principal place of business in Mount Pleasant, Wisconsin. The only member of Cheema was at the time this action commenced, and still is, Sukhkaran Cheema, who is domiciled in Mount Pleasant, Wisconsin.

PACCAR was at the time this action was commenced, and still is, incorporated under the laws of the State of Delaware, with a principal place of business in Bellevue, Washington. JX was at the time this action was commenced, and still is, incorporated under the laws of the State of Wisconsin, with a principal place of business in Hartland, Wisconsin.

Cheema purchased a 2022 Peterbilt 389 truck (the "Vehicle") from JX. Cheema took possession of the Vehicle on or around January 21, 2022. On or about September 1, 2022, Cheema sent Defendants a letter seeking relief under the Wisconsin lemon law and, alternatively, seeking to revoke acceptance of the vehicle.

Cheema commenced an action against Defendants on November 8, 2022 in Waukesha County Circuit Court. The Summons & Complaint was served upon PACCAR on November 15, 2022. The Summons & Complaint was served upon JX on November 21, 2022. Defendants filed a Notice of Removal of the action to the Federal District Court for the Eastern District of Wisconsin on December 13, 2022. ECF No. 1.

Cheema alleges that it purchased the Vehicle from JX for the full purchase price of $184,914.66. ECF No. 1-1. The allegations in the Complaint

seek recovery of a replacement vehicle or refund of monies paid for the vehicle. *Id.* Accordingly, Cheema seeks recovery of $184,914.66 or an equivalent replacement vehicle plus attorney's fees and costs. *Id.*

## 2. LEGAL STANDARD

Defendants rely on original federal diversity jurisdiction, provided by 28 U.S.C. § 1332(a), as their basis for removal. ECF No. 1. Diversity jurisdiction requires, in part, that the plaintiffs and defendants be completely diverse—that is, no plaintiff can be a citizen of the same state as any defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992). In this case, because both Cheema and JX are Wisconsin citizens, it appears at first glance that complete diversity does not exist and that the Court consequently lacks jurisdiction. However, Defendants claim that the Court should disregard JX's citizenship and dismiss JX from this suit because Cheema fraudulently joined JX in this litigation. ECF Nos. 1, 14.

The fraudulent joinder doctrine is an exception to the requirement of complete diversity. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). As applicable here,[1] the doctrine provides that "an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has no chance of success." *Id.* (quotation omitted). The Seventh Circuit instructs that

> [t]o establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. If the removing defendant can

---

[1]Fraudulent joinder may also occur "where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *BCR Trucking, LLC v. Paccar, Inc.*, No. 06-CV-901-JPS, 2006 WL 3422681, at *2 (E.D. Wis. Nov. 28, 2006). Defendants do not raise outright fraud here, and for good reason. There is no semblance of outright fraud in the record.

meet this heavy burden, . . . the federal district court considering removal may disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.

*Id.* (citations and quotations omitted).

The standard of review applied to fraudulent joinder is "akin to that used on a motion brought under [Rule 12(b)(6)]," but "is even more deferential to the plaintiff than a Rule 12(b)(6) motion, as the court must resolve all issues of 'fact and law' in favor of the plaintiff." *Krahn v. Soo Line R. Co.*, No. 11-CV-187-JPS, 2011 WL 2148696, at *2 (E.D. Wis. May 31, 2011). Therefore, the Court "turns to Wisconsin law to determine whether [Cheema] ha[s] any possibility of success in [its] . . . claim against [JX]." *Id.* Although the burden to assert fraudulent joinder is heavy, the Seventh Circuit has held that "it need not negate any possible theory that [Plaintiffs] might allege in the future: only [their] present allegations count." *Poulos*, 959 F.2d at 74.

**3. ANALYSIS**

The parties' dispute centers on Cheema's fifth cause of action, which raises a claim for "Revocation of Acceptance" against both PACCAR and JX. ECF No. 1-1 at 11. This is the only cause of action raised against JX. *Id.* A revocation of acceptance claim arises under Wis. Stat. § 402.608. Section 402.608 allows a buyer to revoke his acceptance of a good "whose nonconformity substantially impairs its value to the buyer" if the buyer accepted the good "[o]n the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured" or "[w]ithout discovery of such nonconformity if the buyer's acceptance was reasonably

induced either by the difficulty of discovery before acceptance or by the seller's assurances."

In their notice of removal, and again in their opposition and sur-reply, Defendants cite Wis. Stat. § 402.106(2) for the proposition that a good is "conforming" when it is "in accordance with the obligations under the contract." ECF No. 1 at 5; ECF No. 14 at 2; ECF No. 19 at 2. This statutory language, combined with Wisconsin case law, Defendants argue, denote that to bring a revocation of acceptance claim against a given defendant, "the goods must be nonconforming as to a warranty or similar contractual obligation *issued by that defendant*." ECF No. 1 at 6 (emphasis added) (citing *Malone v. Nissan Motor Corp. in U.S.A.*, 526 N.W.2d 841, 844 (Wis. Ct. App. 1994); *Goudy v. Yamaha Motor Corp.*, 782 N.W.2d 114, ¶ 11 & n.5 (Wis. Ct. App. 2010)). In this case, in the purchase contract, JX expressly disclaimed all warranties. Specifically, the purchase contract reads, in pertinent part:

> Dealer is not a party to any manufacturer warranties . . . . Dealer disclaims warranties of merchantability and fitness for a particular purpose . . . [T]his vehicle is sold AS IS and the dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle.

ECF No. 3 at 6. Because there is no warranty or similar contractual obligation issued by JX, Defendants argue, there is nothing for the Vehicle to be nonconforming to. ECF No. 1 at 6.

Given that these arguments were included, with citations to authority, in the notice of removal, Cheema was on notice of them. Nonetheless, Cheema's moving brief in support of remand laser focuses on an argument that a cause of action for breach of warranty is independent from a cause of action for revocation of acceptance. ECF No. 12 at 5. In the Court's view, this is a misunderstanding of Defendants' arguments.

Page 5 of 10
Case 2:22-cv-01503-JPS   Filed 03/31/23   Page 5 of 10   Document 20

Defendants are not arguing that the claim against JX fails because there is no associated claim for breach of warranty against JX; they argue that there is no underlying warranty at all. Cheema also argues that whether JX disclaimed any warranties is an issue of fact that should be construed in favor of Cheema. This argument would perhaps be compelling if Cheema's complaint referenced a warranty provided by JX. It plainly does not, and only alleges facts relating to "a Peterbilt new vehicle manufacturer's warranty . . . provided by the Defendant, Paccar, Inc., d/b/a Peterbilt Motors Company." ECF No. 1 at 5. While the Court must construe the facts and the law in favor of Cheema, it is "only [Cheema's] present allegations [that] count." *Poulos*, 959 F.2d at 74.

Even construing the law as favorably as possible to Cheema, notwithstanding the lack of factual support in the complaint, Wisconsin law is clear that oral warranties that are not reduced to writing are barred by the parol evidence rule. *Malone*, 526 N.W.2d at 444 (contention "that a person at the dealership orally warranted the spoiler for twelve months and twelve thousand miles" is barred by written agreement disclaiming warranties and stating that no oral representations are binding). The language on the purchase contract, set forth above, is in lockstep with the language analyzed by the *Malone* court.

Unfortunately, Cheema again confuses Defendants' arguments in its reply brief. There, Cheema raises a new argument that a nonconformity giving rise to revocation of acceptance can exist without a warranty and, in any event, a warranty exists here. ECF No. 15 at 2. The warranty that Cheema alleges to exist here is a copy of the manufacturer's warranty. ECF No. 16. For the reasons described above, this argument misses the mark.

Cheema's contention that a nonconformity giving rise to revocation of acceptance can exist without a warranty requires more attention. In support, Cheema cites *Murray v. Holiday Rambler Inc.*, 265 N.W.2d 513 (Wis. 1978). ECF No. 15 at 5. In *Murray*, the only warranty held by the plaintiff with respect to the subject vehicle was a manufacturer's warranty. *Id.* at 415–16. Nonetheless, the trial court allowed the revocation of acceptance cause of action as to the dealer to go the jury. *Id.* at 427.

Because Cheema raised these arguments, attached the manufacturer's warranty, and cited the *Murray* case for the first time in its reply brief, Defendants are entitled to submit a sur-reply, and the Court will grant them leave to do so. *See Milchtein v. Milwaukee County*, No. 19-CV-1834-JPS, 2021 WL 4356115, at *2 (E.D. Wis. Sept. 24, 2021). In their sur-reply, Defendants contend that *Murray* is inapposite because it involves the question of whether a manufacturer's warranty that a motorhome was free from defects at the time of delivery precludes a revocation of acceptance claim. ECF No. 19 at 3. By contrast, *Malone* and *Goudy*—to which Defendants have persistently cited since the notice of removal—analyze the applicable question: "Can a revocation-of-acceptance claim be brought against a dealer who has issued no warranties?" ECF No. 19 at 3 (discussing applicability of *Malone*, 526 N.W.2d 841 and *Goudy*, 782 N.W.2d 114).

Having reviewed all three cases, the Court agrees with Defendants. The Seventh Circuit has counseled that the "clearly established" standard typically seen in the qualified immunity context is applicable when analyzing whether a claim is foreclosed in the fraudulent joinder context. *See, e.g., Wolf v. Kennelly*, 574 F.3d 406, 411–12 (7th Cir. 2009)). Not only are *Malone* and *Goudy* more recent than *Murray*, the facts—particularly in *Goudy*—are a much closer match to the facts here, and place the legal

question beyond debate. *Cf. Estate of Escobedo v. Bender*, 600 F.3d 770, 781 (7th Cir. 2010) (explaining that "earlier cases involving fundamentally similar facts can provide especially strong support for a conclusion that the law is clearly established") (citations omitted).

In *Goudy*, the plaintiff brought claims for, among others, breach of express and implied warranties and revocation of acceptance. 782 N.W.2d, ¶ 1. The plaintiff had purchased a Yamaha manufactured motorcycle from a dealer called Winnebagoland. *Id.*, ¶ 2. The purchase contract with Winnebagoland stated, as relevant, "AS IS—NO WARRANTY. DEALER DISCLAIMS ALL WARRANTIES." *Id.*, ¶ 20. A separate contract with Yamaha made clear that it "disavow[ed] any notion that Winnebagoland could alter the terms of the contract in any way. It bound Yamaha to repair the motorcycle, not Winnebagoland." *Id.*, ¶ 22. As a result, the court held that "Winnebagoland's complete denial of any warranty, implied or express, would encompass the issue of revocation." *Id.*, ¶ 11. Citing *Malone*, the court explained that, because there was no warranty by Winnebagoland, there could be no evidence that a warranted good was nonconforming to sustain the revocation of acceptance claim against Winnebagoland. *Id.* n.5 (citing *Malone*, 526 N.W.2d at 844).

Based on this authority and the pertinent statutory language in Section 402.106(2), and having reviewed the same and the facts in the light most favorable to Cheema, the Court concludes that Cheema "cannot establish a cause of action [for revocation of acceptance] against [JX]." *Morris*, 718 F.3d at 666. As a result, the Court is obliged to dismiss JX from this action without prejudice. *Krahn*, 2011 WL 2148696, at *2 ("If the fraudulent joinder doctrine applies, the court will dismiss any non-diverse fraudulently joined defendant from the suit."). Cheema shall file an

amended complaint removing JX within **ten (10) days** of this Order. Cheema argues in its motion to remand that a cause of action for revocation of acceptance "can only be brought against the selling dealership," ECF No. 12 at 2, but alleges the claim against both PACCAR and JX in the complaint. ECF No. 1-1 at 11. Cheema's amended complaint must take one position on this issue and remedy the discrepancy. The Court makes no comment as to which approach is correct, only that JX may no longer be named.

Although the removal statute is to be construed narrowly, this is one of those rare cases where it carries the day. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). If courts' references to a statute and an entire body of law as "narrow" mean that a motion applying that authority would never be granted, our entire legal system would be operating in a vacuum of futility. Because Cheema was unsuccessful with its motion to remand, no fees or costs will be awarded. 28 U.S.C. § 1447(c). Finally, the Court vacates the stay it previously entered as to the parties' Federal Rule of Civil Procedure 26(f) plan. *See* Feb. 7, 2023 text order. The parties' joint Rule 26(f) plan will be due **fourteen (14) days** of this Order.

### 4. CONCLUSION

In light of the foregoing, Cheema's motion to remand is denied, and JX will be dismissed without prejudice from this action. Cheema shall file an amended complaint in accordance with the terms of this Order within **ten (10) days** of this Order. The parties shall submit their joint Rule 26(f) plan within **fourteen (14) days** of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Cheema Trans LLC's motion to remand, ECF No. 11, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants PACCAR, Inc. d/b/a Peterbilt Motors Company and JX Enterprises, Inc. d/b/a JX Peterbilt – Waukesha's motion for leave to file a sur-reply, ECF No. 17, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants PACCAR, Inc. d/b/a Peterbilt Motors Company and JX Enterprises, Inc. d/b/a JX Peterbilt – Waukesha's motion to strike, ECF No. 17, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant JX Enterprises, Inc. d/b/a JX Peterbilt – Waukesha be and the same is hereby **DISMISSED without prejudice** from this action;

**IT IS FURTHER ORDERED** that Plaintiff Cheema Trans LLC file an amended complaint in accordance with the terms of this Order within **ten (10) days** of this Order; and

**IT IS FURTHER ORDERED** that the parties submit their joint Federal Rule of Civil Procedure 26(f) plan within **fourteen (14) days** of this Order.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge